AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of  
*(Briefly describe the property to be searched or identify the person by name and address)*

One gold Apple iPhone 6 cellular telephone Model A1549

) ) ) ) ) )

Case No.

FILED  
FEB 1 1 2016  
CLERK, U.S. DISTRICT COURT  
SOUTHERN DISTRICT OF CALIFORNIA  
BY _____ DEPUTY

**APPLICATION FOR A SEARCH WARRANT**       '16 MJ 0421

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the ____Southern____ District of ____California____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 846, 952, 960, 963 | Possession with intent to distribute controlled substance; Importation of a Controlled Substance; Conspiracy to commit same |

The application is based on these facts:

See attached Affidavit of Special Agent Joshua Gallion

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Joshua Gallion, HSI  
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/9/16

*Judge's signature*

City and state: San Diego, CA

Hon. Barbara L. Major  
*Printed name and title*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) <br> ) <br> (1)   One Gold Apple iPhone 6 ) <br>         Model A1549 Cellular Telephone ) <br> ) <br> ) <br> ) <br> ) | Case Number: _____ <br><br> AFFIDAVIT OF SPECIAL <br> AGENT JOSHUA GALLION <br> IN SUPPORT OF <br> SEARCH WARRANT |

## AFFIDAVIT

I, Joshua Gallion, Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, having been duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations agents for the following target property: one (1) gold Apple iPhone 6 cellular telephone seized from Issel Armenta Romero ("Defendant") on and about December 12, 2015. The cellular telephone is: a gold Apple iPhone 6 cellular telephone ("Target Telephone #1").

2. Target Telephone #1 was seized from Defendant on December 12, 2015, at the time of her arrest. It is believed that Target Telephone #1 was used by

1

Defendant to communicate with co-conspirators during a drug smuggling event involving the importation of methamphetamine in the Southern District of California, 16CR0041-BEN. Probable cause exists to believe that Target Telephone #1 contains evidence relating to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963. The specified telephone is currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, San Diego, 185 West "F" Street, Suite 600, San Diego, California (Secured Evidence Vault). Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

3. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I submit this Affidavit in support of the application to search Target Telephone #1 for and to seize, as they pertain to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963, Distribution and Importation of Controlled Substances and Conspiracy, all communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to deliver controlled substances from Mexico to the United States;

   b. tending to identify other facilities, storage devices, or services – such

2

as e-mail addresses, IP addresses, phone numbers – that may contain electronic evidence tending to indicate efforts to deliver controlled substances from Mexico to the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in smuggling controlled substances from Mexico to the United States;

d. tending to identify travel to or presence at locations involved in the smuggling of controlled substances from Mexico to the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject phone; or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## **EXPERIENCE AND TRAINING**

4. I am a Special Agent (SA) of U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since June 2007. I am a graduate of the Federal Law Enforcement Training Center (FLETC), Glynco, Georgia. At FLETC, I was trained in, among other things, criminal investigative techniques. I have participated in criminal investigations involving, the illegal importation of narcotics, cross border narcotics tunnels, illegal export of defense and dual-use technologies and computer network intrusions among other things. I have received formal training in the laws and regulations relating to the International Emergency Economic Powers Act (IEEPA), 50 U.S.C 1705, the Arms Export Control Act (AECA) 22 U.S.C. 2778

3

and Smuggling Goods from the United States, in violation of 18 U.S.C. 554, and laws relating to the importation of narcotics. I have conducted and participated in investigations of the above listed laws and regulations.

5. During my time as a Special Agent, I have participated in the investigation of various Drug Trafficking Organizations involved in the acquisition, importation, transportation, and distribution of controlled substances into and through the Southern District of California. Although the nature of my ongoing work with Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations requires that I keep apprised of recent trends and developments involved in the investigations of narcotics traffickers, I regularly communicate with agents from the Drug Enforcement Administration, United States Border Patrol, Customs and Border Protection, and various other local and state law enforcement officers operating within the Southern District of California.

6. By virtue of my employment as a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, I have performed various tasks, which include, but are not limited to:

    a. Functioning as a surveillance agent and thereby observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances;

4

  b. Participating in the tracing of monies and assets gained by controlled substance traffickers from the illegal sale of controlled substances and/or the laundering of monetary instruments;

  c. Interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of controlled substances and the distribution of monies and assets derived from the illegal trafficking of controlled substances (laundering of monetary instruments); and

  d. Functioning as a case agent, which entails the supervision of specific investigations involving the trafficking of narcotics and the laundering of monetary instruments.

  7. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities. Conspiracies involved in the smuggling and trafficking of narcotics generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messaging, and phone numbers of co-conspirators. For example, load drivers smuggling controlled substances across the border are typically in telephonic contact with co-conspirators immediately prior to and following the crossing of the load vehicle, at which time they receive instructions on how to cross and where and when to deliver the controlled substance.

  8. In preparing this affidavit, I have conferred with other agents and law

enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit.

9. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

   b. Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

   c. Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

   d. Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

   e. Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

## FACTS SUPPORTING PROBABLE CAUSE

A.   PRIMARY INSPECTION

10.   On Saturday, December 12, 2015, at approximately 10:10 p.m., Defendant entered the United States from Mexico through the San Ysidro Port of Entry as the driver and sole occupant of a 2005 Jeep Grand Cherokee. During the primary inspection, the Customs and Border Protection Officer ("CBPO") noticed cellophane wrapped packages in the rear quarter panels. Defendant was referred to secondary inspection.

B.   SECONDARY INSPECTION

11.   After being referred to the secondary inspection area, Officers found approximately 59 total packages weighing approximately 31.7 kilograms (69.74 pounds) of methamphetamine concealed within the vehicle's quarter panels, roof lining, and inside a compartment under the rear seat. The packages field-tested positive for the characteristics of methamphetamine.

12.   Incident to the arrest, Officers removed a gold Apple iPhone 6, (Target Telephone #1) from the person of Defendant on December 12, 2015. The telephone was seized as evidence and CBP assumed custody.

13.   On or about the night of December 12, 2015, I was notified of the methamphetamine seizure. Defendant was arrested for violations of Title 21, United States Code, Sections 952 and 960.

14. Based upon my experience and investigation in this case, I believe that Defendant, as well as other persons as yet unknown, were involved in an on-going conspiracy to import methamphetamine. Based on my experience investigating narcotics smugglers, I also believe that Defendant may have used Target Telephone #1 to coordinate with co-conspirators regarding the importation and distribution of the methamphetamine, and to otherwise further this conspiracy both inside and outside of the United States. I also know that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of cellular telephones which may identify other persons involved in narcotics trafficking activities.

15. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that information relevant to the narcotics smuggling activities of Defendant and her co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the cellular telephones described herein.

//

//

## METHODOLOGY

16. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to

such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

17. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

18. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

19. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that Defendant used Target Telephone #1 to facilitate the offense of importing methamphetamine. Target Telephone #1 was likely used to facilitate the offense by transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 846, 952, 960 and 963.

20. I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by Defendant continues to exist on Target Telephone #1.

21. Based upon my experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, I know that the items to be seized set forth above in Paragraph 3 are likely to be found in the property to be searched described above in Paragraph 1. Therefore, I respectfully request that the Court issue a warrant authorizing me, a Special Agent with Homeland Security Investigations, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Joshua Gallion
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this _____ day of February, 2016.

The Honorable Barbara L. Major
United States Magistrate Judge

11

## ATTACHMENT A
## PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 841, 846, 952, 960, and 963, is described below:

    One gold iPhone 6 Model A1549 cellular telephone

Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, San Diego, 185 West "F" Street, Suite 600, San Diego, California (Secured Evidence Vault).

# ATTACHMENT B

## ITEMS TO BE SEIZED

The following evidence to be searched for and seized pertains to violations of Title 21, United States Code, Sections 841, 846, 952, 960, and 963:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a. tending to indicate efforts to deliver controlled substances from Mexico to the United States;

    b. tending to identify other facilities, storage devices, or services – such as e-mail addresses, IP addresses, phone numbers – that may contain electronic evidence tending to indicate efforts to deliver controlled substances from Mexico to the United States;

    c. tending to identify co-conspirators, criminal associates, or others involved in smuggling controlled substances from Mexico to the United States;

    d. tending to identify travel to or presence at locations involved in the smuggling of controlled substances from Mexico to the United States, such as stash houses, load houses, or delivery points;

    e. tending to identify the user of, or persons with control over or access to, the subject phone; or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.